IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | § | |
| | § | |
| V. | § | A-13-CA-359 LY |
| | § | |
| HRA ZONE, L.L.C., D/B/A THE ZONE | § | |
| AT SAN MARCOS AND HORIZON | § | |
| REALTY ADVISORS, L.L.C., D/B/A | § | |
| THE ZONE AT SAN MARCOS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion to Strike Defendants' Affirmative Defenses, pursuant to Federal Rule of Civil Procedure 12(f) (Dkt. No. 11); Defendants' Response (Dkt. No. 16) and Plaintiff's Reply (Dkt. No. 17). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.   GENERAL BACKGROUND**

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") alleges that it was granted exclusive nationwide commercial distribution rights to the "*UFC 119: Mir v. Cro Cop*" broadcast, scheduled for September 25, 2010, (the "Broadcast"). Pursuant to the contract granting Plaintiff distribution rights to the Broadcast, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Broadcast. Plaintiffs allege that, without its authorization, Defendants HRA Zone, L.L.C., d/b/a The Zone at San Marcos and Horizon Realty Advisors, L.L.C., d/b/a The Zone at San Marcos ("Defendants") unlawfully intercepted and exhibited

the Broadcast at the commercial establishment know as "The Zone at San Marcos," located in San Marcos, Texas.  As a result of Defendants' alleged unlawful actions, Plaintiff filed this lawsuit against Defendants on May 1, 2013, alleging causes of action under 47 U.S.C. § 605(a) (the "Piracy Statute") and 47 U.S.C. § 553 (prohibiting unauthorized communications over a cable system), as well as a cause of action for conversion.

On May 30, 2013, Defendants filed their Answer to the Complaint and asserted several affirmative defenses, including failure to state a claim on which relief can be granted, estoppel, waiver, laches, defect of the parties, failure to name a indispensable party, failure to mitigate damages, and that the damages were caused by one or more third parties.  *See* Defendant's Answer at p.3-4 (Dkt. # 4).

## II. ANALYSIS

Plaintiff argues that all of Defendants' affirmative defenses are "devoid of any factual support" and should therefore be stricken under Rule 12(f).  Plaintiff's Motion to Strike at p. 5.

**A.**     **Standard for Rules 12(f) and 8(c)**

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."  *FDIC v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. of Pub. Instr. of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962), and 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380).  Motions to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus*, 306 F.2d at 868 (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

When a motion to strike is premised on the "insufficiency" of a defense, a movant must demonstrate that the defense is insufficient as a matter of law. *EEOC v. Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *1 (N.D. Tex. Jan.21, 2011) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105(1983)). A motion to strike should be denied if there is any disputed question of fact. *Augustus*, 306 F.2d at 868. Even when dealing with a pure question of legal sufficiency, courts are still "very reluctant" to determine such issues on a motion to strike, instead viewing such questions "as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004). The trial court has "ample" discretion when considering a Rule 12(f) motion. *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

Rule 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The "fair notice" pleading requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* (internal quotations and citations omitted); *see also, Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987). However, where the affirmative defense is raised in a manner that does not result in unfair surprise, "technical failure to comply precisely with Rule 8(c) is not fatal." *Rogers v. Mc Dorman*, 521 F.3d 381, 385 (5th Cir. 2008) (citing *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)). Thus, a defendant does not waive an affirmative defense "if it is raised at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.* (internal quotations and citations omitted). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

Among the district courts in this Circuit, there has been some disagreement on whether the Supreme Court's opinions in *Twombly* and *Iqbal* have application to affirmative defenses. *Compare Thomson v. Law Office of Joseph Onwuteaka, PC.,* 2013 WL 4787777, at *1 n.1 (S.D. Tex. Sept. 9, 2013) (noting that Fifth Circuit has not addressed the issue but declining to apply the *Twombly/Iqbal* standard to affirmative defenses); *Jones v. JGC Dallas LLC,* 2012 WL 4119570, at *5 (N.D. Tex. Aug. 17, 2012) ("The plausibility standard in *Twombly* and *Iqbal* does not appear applicable to the pleading of an affirmative defense."), *with Vargas v. HWC General Maintenance,* 2012 WL 948892, at *2 (S.D. Tex. March 20, 2012) ("This Court also agrees that the plausibility standard articulated in *Twombly* and *Iqbal* applies to the sufficiency of affirmative defenses.").[1] The Fifth Circuit has not yet specifically addressed whether *Twombly* and *Iqbal* have changed the pleading standard for affirmative defenses. However, in *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008), decided after *Twombly* but before *Iqbal*, the Fifth Circuit relied on the *Woodfield* "fair notice" standard to find that the defendants' affirmative defense of *in pari delicto* was not waived where it was raised at a "pragmatically sufficient time" and plaintiffs could not "credibly claim they were surprised." Based on *Rogers*, the Court concludes that "*Woodfield* is still applicable to motions to strike affirmative defenses.," and will therefore apply the Woodfield standard in reviewing the motion to strike. *Jolie Design & Decor, Inc. v. Cece Caldwell's Paints, LLC*, 2013 WL 3293691, *4 (E.D. La. June 28, 2013).

**B.    Should Defendants' Affirmative Defenses be stricken?**

Applying these standards, Plaintiff's Motion to Strike should be denied. Plaintiff has failed to demonstrate that Defendants' affirmative defenses have "no possible relation to the controversy" at issue in this case. *See Augustus*, 306 F.2d at 868. Moreover, there are numerous fact issues which

---

[1] For a more detailed discussion on whether the pleading standard articulated in *Twombly* and *Iqbal* apply to affirmative defenses, see 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1274 (2013 Supp.).

would preclude granting a motion to strike. *Id.* The motion is also premature, given the early stage of this litigation. The Court finds that whether Defendants' affirmative defenses are meritorious should be determined after discovery is conducted in this case and should be addressed in a summary judgment motion, rather than in a motion to strike. *See* Order*, Joe Hand Promotions, Inc. v. Fat Thompson's L.L.C.*, A-11-CV-865 SS (W.D. Tex. Jan. 10, 2012) (denying motion to strike because determining whether affirmative defense is adequate must be determined by summary judgment rather than motion to strike). Accordingly, Plaintiff's Motion to Strike should be denied in its entirety.

### III.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **DENY** Plaintiff Joe Hand Promotions, Inc.'s Motion to Strike Defendants' Affirmative Defenses (Dkt. No. 11).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of October, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE